CITIZENS NATIONAL BANK OF WISNER ET AL., APPELLANTS AND CROSS-APPELLEES, V. KENNEDY AND COE, A PARTNERSHIP, ET AL., APPELLEES AND CROSS-APPELLANTS.

441 N.W.2d 180

Filed June 9, 1989.   No. 87-856.

William G. Dittrick, of Baird, Holm, McEachen, Pedersen, Hamann & Strasheim, for appellants.

John F. Thomas, of McGrath, North, O'Malley & Kratz, P.C., for appellees.

HASTINGS, C.J., WHITE, SHANAHAN, and FAHRNBRUCH, JJ., and McGINN, D.J.

FAHRNBRUCH, J.

Three Nebraska banks appeal the Platte County District Court's ruling that the appellees, all certified public accountants, are not liable for damages suffered by the banks

when a mutual client defaulted on a commercial loan. In this law action, the banks allege fraudulent misrepresentation and negligence on the part of the accountants in connection with the loan. We reverse the trial court and remand the cause for a new trial.

Plaintiffs-appellants and cross-appellees are Citizens National Bank of Wisner, Northwestern National Bank of Omaha, both national banks, and Bank of Leigh, a state chartered bank (Banks). The original defendants were Kennedy and Coe, a partnership; LeRoy Jones; Frank Laubhan; Timothy Gottschalk; and David Duren & Associates, a professional corporation; all of whom practice certified public accounting (Accountants). David Duren & Associates was dismissed as a defendant before trial and is not a party on appeal.

In view of our rulings, an abbreviated recitation of the facts is sufficient. On January 15, 1981, the Banks entered into a $500,000 loan agreement with Duncan Feeders, Inc. (DFI), through its president, Ronald Seaton. In deciding to grant the line of credit to DFI, Banks reviewed financial compilations prepared by Accountants. Moneys were advanced on the line of credit. The loan was soon in default.

After trial, the judge found: (1) that the Accountants did not fraudulently misrepresent DFI's financial condition to the Banks; (2) that where an accountant knows a third party is relying on statements prepared by him, an accountant has a duty of reasonable care to that third party; (3) that in this case, the Accountants by their conduct waived the disclaimer attached to the financial compilations; and (4) that the Banks were contributorily negligent in a degree sufficient to bar their recovery in their negligence claims.

In their appeal, the Banks claim the trial court erred (1) in not finding the Accountants guilty of fraudulent misrepresentations due to the court's applying (a) the "wrong burden of proof" and (b) the wrong elements in determining whether fraudulent misrepresentation existed, (2) in its findings regarding the Accountants' negligence, and (3) in finding the Banks contributorily negligent. In their cross-appeal, the Accountants claim the trial court erred in finding that the

Accountants had a duty of reasonable care to the Banks and were negligent.

In determining whether the Accountants made fraudulent misrepresentations, the trial court erroneously required the Banks to prove that the Accountants made misrepresentations to the Banks with the intent to deceive.

The case was tried in January and February of 1986. At that time, a line of cases existed requiring "intent to deceive" as an element of fraudulent misrepresentation. Another line of cases did not make such a requirement. *Nielsen v. Adams*, 223 Neb. 262, 388 N.W.2d 840 (1986), decided June 20, 1986, settled this conflict by overruling those cases requiring "intent to deceive" as an element of fraudulent misrepresentation. The judgment was reversed and the cause remanded for a new trial. Since that time, elements of fraudulent misrepresentation have been: (1) A representation was made; (2) the representation was false; (3) when the representation was made, it was known to be false or made recklessly without knowledge of its truth and as a positive assertion; (4) the representation was made with the intention that it would be relied upon; (5) there was reliance upon the representation; and (6) damage occurred as a result.

Although the Banks' contention that the trial court applied the wrong standard of proof is not supported by the record, we note that the correct standard of proof in an action for fraud tried to a court of law is proof by a preponderance, or greater weight, of the evidence. See, *Bock v. Bank of Bellevue*, 230 Neb. 908, 434 N.W.2d 310 (1989); NJI2d 2.12A.

Because this case will have to be retried in its entirety in view of our rulings herein, we also discuss the issue of negligence. Both the Banks and Accountants, as did the trial court, recognized that this court has not decided the extent of an accountant's duty of care to third parties.

In determining negligence, the trial court declared in its order:

"One [who] is under a duty to exercise reasonable care and who fails to disclose a fact which he knows may justifiably induce another to act or refrain from acting in a business transaction is liable as though he had represented the nonexistence of the matter he has failed to disclose. He has

a duty to subsequently inform that mislead [sic] party when he finds that the information that he has given before is untrue. Facts basic to a transaction if one knows the other is about to enter into an agreement under a mistake should resonably [sic] be expected to disclose those facts to the one who is going to act upon them."

This rule is an interpretation by the trial judge of Restatement (Second) of Torts § 551 (1977).

We decline to adopt the trial court's rule. Rather, this court's ruling regarding an attorney's duty of care to third parties is extended to accountants.

The rule is well established that a lawyer's duty is to his client and does not extend to third parties absent facts establishing a duty to them. *Landrigan v. Nelson*, 227 Neb. 835, 420 N.W.2d 313 (1988); *Ames Bank v. Hahn*, 205 Neb. 353, 287 N.W.2d 687 (1980); *Lilyhorn v. Dier*, 214 Neb. 728, 335 N.W.2d 554 (1983).

We now hold that an accountant's duty of reasonable care is to his client and generally does not extend to third parties absent fraud or other facts establishing a duty to them. See, also, *First Florida Bank v. Max Mitchell & Co.*, 541 So. 2d 155 (Fla. App. 1989) (holding that "in the absence of privity there can be no liability on the part of an accountant for even gross negligence, unless it amounts to fraud"); *Howard v. Dun & Bradstreet, Inc.*, 136 Ga. App. 221, 220 S.E.2d 702 (1975) (holding that an accountant has no duty to third parties, even those who accountant knew or should have known were relying on his audit; liability can be found only upon fraudulent conduct, and proof of mere negligence will not suffice).

REVERSED AND REMANDED FOR A NEW TRIAL.