LAWYERS TITLE INSURANCE CORPORATION, APPELLEE, V. CONRAD P. HOFFMAN, DOING BUSINESS AS HOFFMAN ENGINEERS & SURVEYORS, DEFENDANT AND THIRD-PARTY PLAINTIFF, APPELLEE, CLARENCE ROGER CARRELL AND CARRELL & ASSOCIATES, INC., THIRD-PARTY DEFENDANTS AND FOURTH-PARTY PLAINTIFFS, APPELLANTS, AND LAMP, RYNEARSON & ASSOCIATES, INC., A NEBRASKA CORPORATION, FOURTH-PARTY DEFENDANT, APPELLEE.

513 N.W.2d 521

Filed April 1, 1994.   No. S-92-910.

508

Ralph E. Peppard for appellants.

Thomas J. Guilfoyle, of Frost, Meyers, Guilfoyle & Govier, for appellee Lamp, Rynearson & Associates.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ.

WRIGHT, J.

This is a fourth-party action arising out of an action originally brought by Lawyers Title Insurance Corporation (Lawyers Title) against Conrad P. Hoffman, doing business as Hoffman Engineers & Surveyors (Hoffman). Lawyers Title alleged that a survey prepared by Hoffman failed to disclose an encroachment which Lawyers Title had insured against in reliance upon the survey. Hoffman brought a third-party action against another engineering firm, Carrell & Associates, Inc. (Carrell), claiming that Carrell had performed the actual survey. Carrell brought a fourth-party action for indemnification from Lamp, Rynearson & Associates, Inc. (Lamp). Lamp's demurrer was sustained on the basis that the statute of limitations barred Carrell's claim against Lamp. Carrell appeals.

## SCOPE OF REVIEW

In appellate review of a ruling on a general demurrer, the court is required to accept as true all of the facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the conclusions of the pleader. *Hamilton v. City of Omaha*, 243 Neb. 253, 498 N.W.2d 555 (1993).

In considering a demurrer, a court cannot assume the existence of a fact not alleged, make factual findings to aid the pleadings, or consider evidence which might be adduced at trial.

*Wheeler v. Nebraska State Bar Assn.*, 244 Neb. 786, 508 N.W.2d 917 (1993).

## FACTS

On or about June 2, 1989, Jiffy Lube International, Inc., entered into a contract with Hoffman in which Hoffman agreed to prepare an "as built survey" for property located in Omaha, Nebraska, and to certify the accuracy of the survey to Lawyers Title. Hoffman then retained Carrell to perform the survey, and on June 12, 1989, Carrell certified the survey to Lawyers Title. Carrell was paid $600 by Hoffman for preparation of the survey.

Lawyers Title was then requested to issue a title insurance policy on behalf of Pennzoil Products Company for the real estate encompassed by the survey and to give the insured insurance protection against encroachments relating to the real estate. Relying on the survey and the certification contained therein, Lawyers Title issued a policy of insurance in favor of Pennzoil Products Company granting protection against encroachments onto another's real estate.

In January 1990, a lawsuit was filed by Center Development Company, alleging, among other matters, that structures on the real estate owned by Pennzoil Products Company encroached onto real estate owned by Center Development Company. When Lawyers Title notified Hoffman of the lawsuit, Hoffman refused to take part in the litigation. Lawyers Title then entered a defense and eventually settled all claims regarding the encroachment for $7,500. Lawyers Title also incurred legal fees in the amount of $12,346.72.

Lawyers Title then sued Hoffman, alleging that Hoffman breached its contract with Jiffy Lube by preparing an incorrect survey and by certifying there were no encroachments when in fact there were substantial encroachments on the real estate owned by Center Development Company.

Hoffman sued Carrell, alleging that Hoffman had retained Carrell to conduct the "as built survey" of the Jiffy Lube property and that Carrell had breached its contract with Hoffman by preparing an incorrect survey when Carrell certified there were no encroachments when substantial

encroachments existed.

Carrell then filed a fourth-party action against Lamp, alleging that on or about December 1980, Lamp had originally surveyed the property that is the subject of this lawsuit; that during the course of that survey, Lamp incorrectly placed pins on the boundary of the surveyed property; and that Lamp knew or should have known that the pins placed by Lamp would be relied upon by subsequent surveyors. Carrell alleged that it relied upon the pins placed by Lamp in conducting its survey and that it should be entitled to indemnification or to receive contribution from Lamp in the amount of the judgment if Carrell was found liable.

Lamp demurred to the fourth-party petition, asserting, inter alia, that the petition failed to state a cause of action because the claim against Lamp was barred by the professional negligence statute of limitations, Neb. Rev. Stat. § 25-222 (Reissue 1989). The district court sustained Lamp's demurrer on that basis and dismissed the petition.

## ANALYSIS

We must first determine whether the pleadings set forth sufficient facts upon which we can make a determination as to whether § 25-222 applies. Section 25-222 provides:

> Any action to recover damages based on alleged professional negligence or upon alleged breach of warranty in rendering or failure to render professional services shall be commenced within two years next after the alleged act or omission in rendering or failure to render professional services providing the basis for such action; *Provided,* if the cause of action is not discovered and could not be reasonably discovered within such two-year period, then the action may be commenced within one year from the date of such discovery or from the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier; *and provided further,* that in no event may any action be commenced to recover damages for professional negligence or breach of warranty in rendering or failure to render professional services more than ten years after the date of rendering or

failure to render such professional service which provides the basis for the cause of action.

(Emphasis in original.)

A demurrer which challenges the sufficiency of the allegations is a general one. In our review of a ruling on a general demurrer, this court is required to accept as true all of the facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the conclusions of the pleader. *Hamilton v. City of Omaha*, 243 Neb. 253, 498 N.W.2d 555 (1993). The court cannot assume the existence of a fact not alleged, make factual findings to aid the pleadings, or consider evidence which might be adduced at trial. *Wheeler v. Nebraska State Bar Assn.*, 244 Neb. 786, 508 N.W.2d 917 (1993).

The demurrer of the fourth-party defendant, Lamp, states that the petition does not state facts sufficient for a cause of action for the following reasons:

1. Fourth-Party Plaintiff's Petition shows on its face that the cause of action asserted therein is barred by the professional negligence statute of limitations, Neb. Rev. Stat. § 25-222 (Reissue 1989).

2. That Lamp, Rynearson & Associates was not in privity of contract with the Fourth-Party Plaintiff and therefore, Lamp, Rynearson & Associates did not owe the Fourth-Party Plaintiff any legal duty and consequently can have no liability to the Fourth-Party Plaintiff.

3. As a matter of law, the Fourth-Party Plaintiff is obligated to personally perform any survey undertaken by it and to independently satisfy itself of the accuracy of pin placements. The Fourth-Party Plaintiff may not merely rely upon the accuracy of existing pins and therefore, the Fourth-Party Plaintiff is not entitled to contribution or indemnity as a matter of law.

The pleadings and exhibits attached do not permit this court to conclude or reasonably infer that Lamp's activity falls under the acts or omissions described in § 25-222. The petition states only that in 1980, Lamp "surveyed the property that is the subject of this lawsuit." We have not previously specifically included surveyors in our definition of professionals. In

*Georgetowne Ltd. Part. v. Geotechnical Servs.*, 230 Neb. 22, 430 N.W.2d 34 (1988), although we determined that the specialty engineering firm rendered professional services for purposes of § 25-222, we did not discuss surveyors. The record here does not specifically disclose who performed the survey, the reason for the survey, or for whom the survey was done.

The Legislature has not specifically stated which occupations are governed by § 25-222. See *Tylle v. Zoucha*, 226 Neb. 476, 412 N.W.2d 438 (1987). In *Tylle*, we recognized that the term "profession" originally contemplated only theology, law, and medicine but that other vocations were later designated as a profession. We have applied the professional period of limitations contained in § 25-222 to architects and engineers, *Witherspoon v. Sides Constr. Co.*, 219 Neb. 117, 362 N.W.2d 35 (1985); to accountants, *Lincoln Grain v. Coopers & Lybrand*, 215 Neb. 289, 338 N.W.2d 594 (1983); to medical technicians, *Swassing v. Baum*, 195 Neb. 651, 240 N.W.2d 24 (1976); and to those giving investment advice, *Educational Service Unit No. 3 v. Mammel, O., S., H. & S., Inc.*, 192 Neb. 431, 222 N.W.2d 125 (1974). *Tylle, supra* (Caporale, J., concurring).

In *Georgetowne Ltd. Part.*, 230 Neb. at 27, 430 N.W.2d at 38, we defined the term "profession" as

> a calling requiring specialized knowledge and often long and intensive preparation, including instruction in skills and methods as well as in the scientific, historical, or scholarly principles underlying such skills and methods, maintaining by force of organization or concerted opinion high standards of achievement and conduct, and committing *its* members to continued study and to a kind of work which has for its prime purpose the rendering of a public service.

In this case, the petition does not set forth sufficient facts to establish whether § 25-222 applies to Lamp's activities in performing the survey, if in fact we are inclined to make such a determination. Defining the class of persons who will receive the benefit of a shortened statute of limitations may require the court to engage in a form of classification which more properly should be done by the Legislature. On the limited facts articulated by this pleading, we decline to even consider

whether surveyors render professional services under § 25-222. The court incorrectly sustained Lamp's demurrer on the basis that the statute of limitations barred Carrell's claim against Lamp.

We next consider whether Carrell failed to state a cause of action for the reasons stated in paragraphs 2 and 3 of Lamp's demurrer. A statement of "facts sufficient to constitute a cause of action," as used in Neb. Rev. Stat. § 25-806(6) (Reissue 1989), means a narrative of events, acts, and things done or omitted which show a legal liability of the defendant to the plaintiff. *Wheeler v. Nebraska State Bar Assn.*, 244 Neb. 786, 508 N.W.2d 917 (1993).

Paragraph 2 of Lamp's demurrer alleges that Lamp owed Carrell no legal duty and consequently had no liability to Carrell regarding the survey that was prepared in 1980 by Lamp. Carrell alleges that Lamp knew or should have known that the pins placed by Lamp would be relied upon by subsequent surveyors and that should Carrell be found liable, Carrell should be entitled to indemnification or to receive contribution from Lamp in the amount of the judgment. These facts are insufficient to establish a duty between Lamp and Carrell, and the court could have properly sustained the demurrer for this reason.

In order to establish a claim against Lamp, Carrell must show the existence of a legal duty from Lamp to Carrell. Such duty would have to be determined from the terms of the agreement between Lamp and the party for which the survey was performed. See *Getzschman v. Miller Chemical Co.*, 232 Neb. 885, 443 N.W.2d 260 (1989). We recognize that there is a common-law duty to perform the activity agreed to be done with care, skill, reasonable expediency, and faithfulness and that a negligent failure to do these conditions may be a tort as well as a breach of contract. *Driekosen v. Black, Sivalls & Bryson*, 158 Neb. 531, 64 N.W.2d 88 (1954). However, the pleadings do not set forth Lamp's contractual duties in performing the survey. Without knowing what the duties were, it is not possible for us to determine whether such duties were in fact breached and whether such duties extended to persons not a party to the contract.

We have not previously dealt with the duty of a surveyor to third parties not in privity with the surveyor or the party for whom the survey was performed. In other situations, we have held that the duty of reasonable care generally does not extend to third parties absent fraud or other facts establishing such a duty. See, *Citizens Nat. Bank of Wisner v. Kennedy & Coe*, 232 Neb. 477, 441 N.W.2d 180 (1989) (accountant's duty of reasonable care did not extend to third parties absent fraud); *Landrigan v. Nelson*, 227 Neb. 835, 420 N.W.2d 313 (1988) (lawyer's duty to clients did not extend to third parties absent facts establishing a duty to them).

Carrell seeks to recover damages against Lamp based on Lamp's alleged negligent performance of its contract with a party which is not described in the pleadings. The pleadings do not allege that Lamp's duty of reasonable care extended beyond the obligation to the party for whom the survey was performed and do not indicate why that duty extended to Carrell as a third party.

Carrell's petition did not state that Lamp had any contractual obligation or privity of contract with Carrell. If the action resulted from a negligent performance of a contract, the court was correct in sustaining the demurrer because there was no privity of contract between the parties. The petition made no allegation that fraud had occurred or that the survey was a false representation.

The petition does not allege that the damages were reasonably foreseeable, nor does the petition state why the damages were reasonably foreseeable. The petition fails to state why a party that prepared a survey in 1980 should have foreseen the damages alleged by Carrell. Carrell alleged that Lamp should have known that the pins placed by it would have been relied upon by subsequent surveyors. Such an allegation is a conclusion not supported by any facts within the pleadings. In considering a demurrer, we accept the facts and reasonable inferences drawn from such facts, but not the conclusions of the pleader. *Hamilton v. City of Omaha*, 243 Neb. 253, 498 N.W.2d 555 (1993). The facts as alleged are insufficient to establish a duty between the parties either in contract or in tort, and the demurrer should have been sustained for this reason.

Where the record demonstrates that the decision of the trial court is correct, although such correctness is based on a different ground from that assigned by the trial court, the appellate court will affirm. *In re Estate of Trew*, 244 Neb. 490, 507 N.W.2d 478 (1993). A correct result will not be set aside merely because it is based upon reasons which may be incorrect. *Healy v. Langdon, ante* p. 1, 511 N.W.2d 498 (1994).

In *St. Paul Fire & Marine Ins. Co. v. Touche Ross & Co.*, 234 Neb. 789, 452 N.W.2d 746 (1990), we held that if a demurrer is sustained, the adverse party may amend, if the defect can be remedied by way of an amendment, with or without costs, as the court in its discretion shall direct. Neb. Rev. Stat. § 25-854 (Reissue 1989) provides that if a demurrer is sustained, the adverse party may amend if the defect can be remedied by amendment. We find that it may be possible for Carrell to state a cause of action in an amendment and that Carrell should be permitted to do so.

## CONCLUSION

The order dismissing the petition without leave to amend was in error and an abuse of discretion. We remand the cause for further proceedings, and upon receipt of the mandate by the clerk of the district court, Carrell shall have 30 days to file an amended petition.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.