DINA MERRICK, APPELLANT, V. PATRICK J. THOMAS, SHERIFF, ET
AL., APPELLEES.

522 N.W.2d 402

Filed October 7, 1994.    No. S-92-1002.

Mark E. Novotny, of Kennedy, Holland, DeLacy & Svoboda, for appellant.

Donald J. Straka, of Brashear & Ginn, for appellees.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ., and BOSLAUGH, J., Retired.

HASTINGS, C.J.

Dina Merrick appeals from the judgment of the district court sustaining the defendants' demurrer and dismissing Merrick's action for negligence and promissory estoppel. Merrick appealed to the Nebraska Court of Appeals, and we removed the case to this court under the authority of Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 1992) in order to regulate the caseloads of the appellate courts.

In reviewing a ruling on a general demurrer, an appellate court accepts as true all well-pled facts and the proper and reasonable inferences of law and fact, but not the conclusions of the pleader. *Durand v. Western Surety Co.*, 245 Neb. 649, 514 N.W.2d 840 (1994); *Hamilton v. City of Omaha*, 243 Neb. 253, 498 N.W.2d 555 (1993). The court cannot assume the existence of a fact not alleged, make factual findings to aid the pleading, or consider evidence which might be adduced at trial. *DeVaux v. DeVaux*, 245 Neb. 611, 514 N.W.2d 640 (1994); *Wheeler v. Nebraska State Bar Assn.*, 244 Neb. 786, 508 N.W.2d 917 (1993), *cert. denied* ____ U.S. ____, 114 S. Ct. 1835, 128 L. Ed. 2d 463 (1994). An appellate court will overrule the sustaining of a demurrer if the petition, when liberally construed, states a cause of action. *Id.* A statement of facts

sufficient to constitute a cause of action, as used in Neb. Rev. Stat. § 25-806(6) (Reissue 1989), means a narrative of events, acts, and things done or omitted that show a legal liability of the defendant to the plaintiff. *Lawyers Title Ins. Corp. v. Hoffman*, 245 Neb. 507, 513 N.W.2d 521 (1994); *Wheeler v. Nebraska State Bar Assn., supra.*

Merrick claims that the trial court erred in sustaining the demurrer and dismissing Merrick's second amended petition.

Merrick's second amended petition named as defendants Patrick J. Thomas, as sheriff of Sarpy County; Randy Furby, as chairman of the Sarpy County Sheriff's Merit Commission; and Sarpy County itself. She alleged that the two individual defendants were agents and employees of Sarpy County, acting in its behalf; that pursuant to public notice Merrick, on October 20, 1990, filed an application for a position of employment with the sheriff's department; that as part of her application she was required to be and was tested by the merit commission and was notified that she had passed; that on April 17, 1991, she was offered a permanent position by Thomas and that she accepted such employment and left her former job; and that on August 14, 1991, she was informed by the sheriff's department that her employment was being terminated because she failed to pass the merit commission test. Merrick further alleged negligence on the part of the defendants in that (1) they failed to ensure adequate and proper scoring of her test, (2) they failed to ascertain true and correct scores, (3) they offered her a position for which she had not qualified by failing to pass the test, and (4) they offered her a position with the sheriff's department inducing her to terminate her previous employment when they knew or should have known that her test scores were inadequate to qualify her as an employee of the defendants. Merrick further alleges that (1) she justifiably relied upon the scoring of her merit examination and the representation by Thomas in offering her employment, and (2) she was offered, promised, and accepted employment at the sheriff's department, and relying on the employment offer, she resigned her full-time employment at her former place of employment. Thus, Merrick seeks damages based on negligence as well as on promissory estoppel.

A negligence action brought under the Political Subdivisions Tort Claims Act has the same elements as a negligence action against a private individual. *Hamilton v. City of Omaha, supra.* In order to prevail on a negligence action, a plaintiff must establish the defendant's duty not to injure the plaintiff, a breach of that duty, proximate causation, and damages. *Anderson v. Nashua Corp., ante* p. 420, 519 N.W.2d 275 (1994); *Haselhorst v. State,* 240 Neb. 891, 485 N.W.2d 180 (1992). Whether a legal duty exists is a question of law dependent on the facts in a particular situation. *Anderson v. Nashua Corp., supra; Parrish v. Omaha Pub. Power Dist.,* 242 Neb. 783, 496 N.W.2d 902 (1993). Duty is an obligation, which the law recognizes and gives effect, to conform to a particular standard of conduct toward another. *Tiede v. Loup Power Dist.,* 226 Neb. 295, 411 N.W.2d 312 (1987).

Merrick argues that the defendants owed her a duty to score her test and offer her employment accurately and fairly. Merrick reasons that because the defendants' actions "regulated or governed" the conduct of others, the defendants owed a duty to act in "such a manner that those rightfully led to act on the faith of the performance of the Defendants shall not suffer a loss or injury through their negligence." Brief for appellant at 27. The defendants argue that the merit commission owes a duty to the sheriff to accurately score the test, but not to the applicant.

A common-law duty exists to use due care so as not to negligently injure another person. See *Dieter v. Hand,* 214 Neb. 257, 333 N.W.2d 772 (1983). Nevertheless, the duty of reasonable care generally does not extend to third parties absent fraud or other facts establishing a duty. *Lawyers Title Ins. Corp. v. Hoffman,* 245 Neb. 507, 513 N.W.2d 521 (1994). In employee negligence situations, whether the defendant owed a duty of reasonable care to the third person or only to the employer depends upon whether the employee was called upon to act and use proper care to prevent injury to the third person or whether some relationship between the parties existed thereby creating a duty. *Dieter v. Hand, supra.* Therefore, Merrick must have alleged sufficient facts in the petition to show some relationship between herself and the defendants in

regard to scoring the test.

We have often stated that foreseeability is a factor in establishing a duty. *Ditloff v. Otto*, 239 Neb. 377, 476 N.W.2d 675 (1991); *Union Pacific RR. Co. v. Kaiser Ag. Chem. Co.*, 229 Neb. 160, 425 N.W.2d 872 (1988); *Holden v. Urban*, 224 Neb. 472, 398 N.W.2d 699 (1987). Recently, in *Lawyers Title Ins. Corp. v. Hoffman, supra*, we addressed whether a surveyor owes a duty to a relying third party. The surveyor retained an engineering firm to perform a survey. The engineering firm relied on pins placed by an organization that had performed a survey of the land approximately 9 years earlier. When the surveyor sued, alleging that the engineering firm breached its contract by preparing an incorrect survey, the engineering firm sued the original surveyors for their incorrect pin placements. We held that a duty did not exist from the original surveyors to the engineering firm because no privity of contract existed, the petition did not allege fraud or false representation, and the petition did not allege how the original surveyor could foresee that a subsequent surveyor would rely on the pin placements 9 years later.

The U.S. District Court for the Central District of Illinois also addressed whether an erroneous evaluation created a duty to a relying third party. In *U.S. Ecology, Inc. v. Carlson*, 638 F. Supp. 513 (C.D. Ill. 1986), U.S. Ecology operated a chemical waste disposal site and alleged that an engineering firm that contracted with the U.S. Environmental Protection Agency had negligently evaluated the site. U.S. Ecology argued that the negligent evaluation resulted in a negative business reputation and possible loss of business. The court disagreed, holding that the engineering firm could not foresee an injury that rested on a remote and unlikely chain of circumstances involving intervening parties and events extending over a period of time.

The events alleged by Merrick, however, are close in time and direct in relation to each other. Thus, when we analyze the foreseeability of harm to the plaintiff, it appears that, construing her petition liberally, Merrick alleged sufficient facts to establish that Furby and Sarpy County owed her a duty to score her test with due care. The merit commission could foresee that Merrick, by the act of applying, desired the job and

would rely on the results of a prerequisite test for that job. It is reasonably foreseeable that an inaccurate passing score could result in Merrick's name being given to the sheriff as a qualified applicant and that, approximately 6 months after taking the test, Merrick would be offered a job that she was not qualified for. Last, it is reasonably foreseeable that acceptance of the offer would, with a high degree of certainty, cause injury when officials discovered the true test score. The defendants argue that the only duty owed is to the sheriff who receives the test score pursuant to Neb. Rev. Stat. § 23-1731 (Reissue 1991). Section 23-1731, however, does not limit the duty of the merit commission; it only requires the commission to certify to the sheriff the three highest standing candidates on the eligibility list for a vacant position. As stated earlier, the duty owed Merrick is rooted in common law.

Determination of causation is, ordinarily, a matter for the trier of fact. *Vilas v. Steavenson*, 242 Neb. 801, 496 N.W.2d 543 (1993); *Maresh v. State*, 241 Neb. 496, 489 N.W.2d 298 (1992). The plaintiff must meet three basic requirements in establishing proximate cause: (1) Without the negligent action, the injury would not have occurred, commonly known as the "but for" rule; (2) the injury was a natural and probable result of the negligence; and (3) there was no efficient intervening cause. *Vilas v. Steavenson, supra.*

It is undisputed that "but for" the inaccurate test results, Thomas could not have offered Merrick employment, and that Merrick left her former position because she accepted the offer from Thomas. Thus, Merrick established the first two elements of proximate cause.

As to the third element, an efficient intervening cause is a new and independent force intervening between the defendant's negligent act and the plaintiff's injury by the negligence of a third person who had full control of the situation, whose negligence the defendant could not anticipate or contemplate, and whose negligence resulted directly in the plaintiff's injury. *Shelton v. Board of Regents*, 211 Neb. 820, 320 N.W.2d 748 (1982). Thomas' hiring decision is not an efficient intervening cause. There does not exist any evidence that Thomas acted negligently when he followed § 23-1731 by hiring personnel

from the merit commission's list of qualified applicants. Furthermore, a reasonable mind could infer that the merit commission could anticipate and contemplate that any person listed as passing the merit commission test could be hired. Therefore, as we view the evidence in the light most favorable to the plaintiff, Merrick provided a narrative of events which allow a reasonable inference that Furby and Sarpy County acted negligently in scoring her test and putting her on a list of qualified applicants. Merrick needed only to state a cause of action in her petition. The inference is clear; whether the jury would accept the inference is another matter. See *Tank v. Peterson*, 219 Neb. 438, 363 N.W.2d 530 (1985).

Merrick also alleged that Thomas acted negligently in offering her employment and then firing her when he learned that she failed the examination. Merrick's only argument regarding Thomas' negligence is that he based "an employment decision on the scoring of said tests." Brief for appellant at 28. Likewise, the second amended petition merely presents conclusions that Thomas offered employment based on inaccurate test results and that he should have known of the inaccuracy. Merrick's conclusory statements do not allege facts establishing a duty, breach of duty, causation, or injury. Furthermore, Thomas did not base the employment decision on the test result, but made a judgment from the list of names certified to him from the merit commission pursuant to § 23-1731. Thus, Merrick did not allege sufficient facts to state a cause of action for negligence against Thomas.

As to Merrick's second cause of action under the doctrine of promissory estoppel, a promise which the promisor should reasonably expect to induce action or forbearance is binding if injustice can be avoided only by enforcement of the promise. Promissory estoppel requires a reasonable and foreseeable reliance. *Hawkins Constr. Co. v. Reiman Corp.*, 245 Neb. 131, 511 N.W.2d 113 (1994); Restatement (Second) of Contracts § 90 (1981). The promise does not have to meet the requirements of an offer that, if accepted, would ripen into a contract. *Whorley v. First Westside Bank*, 240 Neb. 975, 485 N.W.2d 578 (1992).

Merrick argues that her petition sufficiently alleged that she

left her position with Earl May Garden Center in reasonable reliance on the scoring of her merit commission test and Thomas' offer of employment. The defendants contend that Merrick did not rely on the scoring of her test because she did not leave her previous job until she accepted the offer of employment. Furthermore, according to the defendants, Thomas only promised her at-will employment and satisfied the promise when she began work.

Merrick did not allege facts showing that the test score induced her to act to her detriment. Merrick received the passing test score nearly 6 months prior to the job offer. The record does not indicate any induced actions by Merrick during the approximate 6-month period. Her act of leaving the manager-trainee program at Earl May occurred after she was offered employment as a deputy sheriff of Sarpy County.

Therefore, Merrick's promissory estoppel argument rests on the offer of employment from Thomas. Furthermore, the record indicates that she worked as deputy sheriff for a short time until terminated as unqualified based on the failing test score. Merrick does not dispute the defendants' argument that she was an at-will employee. Consequently, the situation which we find is that the promise was one to offer at-will employment, which promise was kept, and estoppel is not available.

In summary, Merrick's petition failed to state a cause of action for promissory estoppel, and to that extent, the demurrer was properly sustained. No cause of action was stated against Thomas as to negligence, but there were sufficient allegations to support a claim of negligence against Furby and Sarpy County, and the district court's judgment in dismissing the case as to those defendants was in error.

The judgment of the district court is affirmed in part and in part reversed and remanded for further proceedings.

AFFIRMED IN PART, AND IN PART REVERSED AND
REMANDED FOR FURTHER PROCEEDINGS.

WRIGHT, J., participating on briefs.