BLAKE EMERSON, APPELLANT, V. ROBIN M. ZAGURSKI, APPELLEE.
531 N.W.2d 237

Filed April 11, 1995.   No. A-93-595.

Roger C. Lott for appellant.

Hugh I. Abrahamson and William P. Jones for appellee.

HANNON, IRWIN, and MUES, Judges.

IRWIN, Judge.

## INTRODUCTION

Blake Emerson appeals the judgment of the district court for Douglas County, Nebraska, sustaining the demurrer to her second amended petition and the subsequent dismissal of her lawsuit. Emerson claims that she did state a cause of action that was not barred by the statute of limitations. Because the district court applied the improper statute of limitations, we reverse, and remand for further proceedings.

## SECOND AMENDED PETITION

In her second amended petition, Emerson alleges that on or about September 17, 1985, she and Robin M. Zagurski entered into a loan agreement in which she loaned Zagurski $17,000. Emerson alleges that Zagurski failed, neglected, and refused to make payments as called for by the agreement and that the most recent payment was made by Zagurski on January 2, 1987. She

alleges that Zagurski acknowledged her liability on the contract and renewed her promise to pay in writing in December 1987. She alleges that a further acknowledgment of liability was contained in a letter dated July 31, 1990, received from Zagurski's legal counsel. Emerson alleges that she made demand upon Zagurski for payment of the debt, although the specific date of the demand is not pled. She also alleges that as a result of Zagurski's failure to pay, she declared the entire debt due. She alleges that as of July 20, 1990, the balance due under the agreement is $23,219.26 plus interest at the rate of 10 percent per year since July 20, 1990.

The promissory note between the parties was executed September 17, 1985. It reads, in relevant part, as follows:

For full value received, I promise to pay to L. Blake Emerson . . . or her order upon demand the sum of seventeen thousand ($17,000.00) dollars with interest at the rate of ten percent (10%) per annum payable monthly on the 24th day of each and every month until the principal of the within note is fully paid.

### PROCEDURAL HISTORY

The original petition in this matter was filed in the district court for Douglas County on December 31, 1992. It alleged that a loan agreement was entered into on September 17, 1985, and that Zagurski had not paid the amounts due and owing. On January 19, 1993, Zagurski filed a demurrer, alleging that the "petition does not state facts sufficient to constitute a cause of action in that it appears from the face of the petition that the alleged cause of action for payment on the demand note is barred by the statute of limitations as set forth in NEB. REV. STAT. §25-205." On February 11, 1993, after arguments were heard, the district court sustained the demurrer and ordered Emerson to file an amended petition within 10 days and to attach the loan agreement mentioned in the original petition.

On February 22, 1993, Emerson filed an amended petition which alleged, in addition to the allegations in the original petition, that the last payment on the loan was made January 2, 1987, and that in December 1987, Zagurski acknowledged her liability on the contract and renewed her promise to pay in

writing. Copies of the loan agreement, promissory note, and alleged acknowledgment were attached.

On February 24, 1993, Zagurski filed a motion to make more definite and certain. In response, on March 12, Emerson filed a second amended petition, which included allegations as set forth above.

On April 8, 1993, Zagurski filed a motion to strike and motion for sanctions. The court's journal entry for the May 4 hearing on these motions states in part: "Hearing held on the Defendant's motion to strike and for sanctions. The Court converts the motion to strike into a demurrer. Arguments made. Demurrer sustained on the basis of the statute of limitations. Plaintiff granted Fourteen (14) days to file an amended petition."

In a journal entry dated June 10, 1993, the district court, on its own motion, dismissed the action with prejudice. The court stated that it had received a letter from Emerson's counsel dated May 14, 1993, indicating that Emerson did not intend to file a third amended petition. This appeal followed.

## ASSIGNMENTS OF ERROR

Emerson makes the following assignments of error: (1) The district court erred in sustaining Zagurski's demurrer, and (2) the district court erred in finding that the letter from Zagurski's counsel to Emerson's counsel did not constitute an acknowledgment of an existing debt or a promise to pay the same.

## STANDARD OF REVIEW

Which statute of limitations applies is a question of law that an appellate court must decide independently of the conclusion reached by the trial court. *Central States Resources v. First Nat. Bank*, 243 Neb. 538, 501 N.W.2d 271 (1993).

## DISCUSSION

As Emerson chose to stand upon her second amended petition, she preserved her right to appeal the trial court's judgment sustaining the demurrer to it. See *How v. Mars*, 245 Neb. 420, 513 N.W.2d 511 (1994). In ruling on a demurrer, the petition is to be construed liberally; if as so construed the

petition states a cause of action, a demurrer based on the failure to state a cause of action is to be overruled. *Wheeler v. Nebraska State Bar Assn.*, 244 Neb. 786, 508 N.W.2d 917 (1993); *Sinn v. City of Seward, ante* p. 59, 523 N.W.2d 39 (1994). A statement of facts "sufficient to constitute a cause of action," as used in Neb. Rev. Stat. § 25-806(6) (Reissue 1989), means a narrative of the events, acts, and things done or omitted which shows a legal liability of the defendant to the plaintiff. *Lawyers Title Ins. Corp. v. Hoffman*, 245 Neb. 507, 513 N.W.2d 521 (1994); *Wheeler, supra*; *Schieffer v. Catholic Archdiocese of Omaha*, 244 Neb. 715, 508 N.W.2d 907 (1993).

In an appellate court's review of a ruling on a general demurrer, the court is required to accept as true all the facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the conclusions of the pleader. *Ventura v. State*, 246 Neb. 116, 517 N.W.2d 368 (1994); *Hoffman, supra.*

The first step in our analysis is to determine the applicable statute of limitations. As a general rule, the limitations period in effect at the time an action is filed governs the action. *Schendt v. Dewey*, 246 Neb. 573, 520 N.W.2d 541 (1994); *Givens v. Anchor Packing*, 237 Neb. 565, 466 N.W.2d 771 (1991). Article 3 of the Uniform Commercial Code determines the rights and obligations of parties to negotiable instruments. Neb. U.C.C. § 3-102(a) (Reissue 1992). Neb. U.C.C. § 3-118 (Reissue 1992), effective January 1, 1992, provides a 6-year statute of limitations for promissory notes that are negotiable instruments. See *Givens, supra* (holding that it is competent for the Legislature to change statutes prescribing limitations to actions and that the one in force at the time suit is brought is applicable to the cause of action; however, the Legislature cannot remove a bar or limitation which has already become complete). See, also, *Schendt, supra.* Emerson's cause of action was not time barred under the applicable statutes prescribing limitations to actions on the effective date of § 3-118. See, Neb. U.C.C. § 3-122 (Reissue 1980); Neb. Rev. Stat. § 25-205 (Reissue 1989). Therefore, if the promissory note entered into by Emerson and Zagurski is a negotiable instrument, the 6-year statute of limitations provided in the Uniform Commercial

Code is applicable. See § 3-118. If the promissory note is not a negotiable instrument, the 5-year statute of limitations for actions on written contracts is applicable. See § 25-205. It appears from the record before us that the district court and the parties applied the 5-year statute of limitations.

The Uniform Commercial Code defines the term "negotiable instrument." An "instrument" is either a "promise," which is a written undertaking to pay money signed by the person undertaking to pay, Neb. U.C.C. § 3-103(a)(9) (Reissue 1992), or an "order," which is a written instruction to pay money signed by the person giving the instruction. § 3-103(a)(6). Neb. U.C.C. § 3-104 (Reissue 1992) provides that an instrument is negotiable if the following requirements are met. First, the promise or order must be unconditional. § 3-104(a). The promise or order is unconditional unless it states an express condition to payment, it is subject to or governed by another writing, or the rights or obligations with respect to the promise or order are stated in another writing. Neb. U.C.C. § 3-106 (Reissue 1992). Second, the amount of money must be "a fixed amount . . . with or without interest or other charges described in the promise or order." § 3-104(a). Third, the promise or order must be "payable to bearer or to order." § 3-104(a)(1). This language regarding "payable to bearer or to order" is defined in Neb. U.C.C. § 3-109 (Reissue 1992), which states in part:

(a) A promise or order is payable to bearer if it:

(1) states that it is payable to bearer or to the order of bearer or otherwise indicates that the person in possession of the promise or order is entitled to payment;

(2) does not state a payee; or

(3) states that it is payable to or to the order of cash or otherwise indicates that it is not payable to an identified person.

(b) A promise or order that is not payable to bearer is payable to order if it is payable (i) to the order of an identified person or (ii) *to an identified person or order*. A promise or order that is payable to order is payable to the identified person.

(Emphasis supplied.) The fourth requirement for a negotiable

instrument is that the promise or order must be payable "on demand or at a definite time." § 3-104(a)(2). A negotiable instrument that is payable on demand may provide for the payment of interest on a specified basis such as monthly or yearly. See *Berman v. United States Nat. Bank*, 197 Neb. 268, 249 N.W.2d 187 (1976). Fifth, and last, the promise or order may not state "any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money," with three exceptions that are not relevant to the case before us. § 3-104(a)(3). See, generally, § 3-104, comment 1.

Based upon the properly pled allegations in the second amended petition and its attachments and the applicable law, we conclude that the promissory note in the case before us is a negotiable instrument because it is an unconditional promise made by Zagurski to pay $17,000 plus interest to *Emerson or her order upon demand*. Therefore, the 6-year statute of limitations in the Uniform Commercial Code is controlling.

■ The next step in our analysis is to determine if Emerson's petition fails to state a cause of action based upon the applicable statute of limitations. A petition fails to state a cause of action and is subject to a general demurrer when it is apparent from the face of the petition that the action is barred by the statute of limitations. *L.J. Vontz Constr. Co. v. Department of Roads*, 232 Neb. 241, 440 N.W.2d 664 (1989). See § 25-806. When it is not apparent from the face of the petition that the action is barred by the statute of limitations, the affirmative defense of the statute of limitations must be raised in the answer. *L.J. Vontz Constr. Co., supra.*

■ As the promissory note at issue is payable upon demand, the statute of limitations would begin to run after demand for payment was made. See § 3-118(b). If no demand for payment is made, an action to enforce the note is barred if neither principal nor interest on the note has been paid for a continuous period of 10 years. *Id.*

The second amended petition alleges that demand was made, but does not provide the date on which it was made. As a result, it is not apparent from the face of the petition that the action is time barred. If a particular date of demand were alleged, it

could be determined from the face of the petition whether the cause of action was barred by the statute of limitations. As the petition only contains a general allegation of demand, it is not subject to demurrer.

We need not address Emerson's assignments of error regarding whether either the December 1987 letter from Zagurski to Emerson or the July 31, 1990, letter to Emerson's counsel from Zagurski's counsel constituted proper acknowledgment of the debt, tolling the statute of limitations period.

We conclude as a matter of law that the applicable statute of limitations is the 6-year statute of limitations for promissory notes in the Uniform Commercial Code. The district court's judgment sustaining Zagurski's demurrer and holding that Emerson's cause of action was time barred was in error because it applied the incorrect statute of limitations. Therefore, we reverse, and remand for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.