664 So.2d 1025 (1995)
GENERAL MOTORS ACCEPTANCE CORPORATION, Petitioner,
v.
Eric DAVIS, an Incapacitated Person, By and Through his guardian, Madaline Davis, Respondent.
No. 95-03396.
District Court of Appeal of Florida, Second District.
November 13, 1995.
Rehearing Denied December 6, 1995.
*1026 Kenneth S. Takacs, Jr., and Larry I. Gramovot of Shofi, Smith, Hennen, Jenkins, Stanley & Gramovot, P.A., Tampa, for Petitioner.
Mark B. Yeslow of Troy & Yeslow, P.A., Fort Myers, for Respondent.
PARKER, Judge.
General Motors Acceptance Corporation (GMAC) petitioned for a writ of common law certiorari to review a nonfinal order which compelled discovery in an action which Eric Davis (Plaintiff) filed against GMAC. We reverse the trial court's order as a departure from the essential requirements of the law.
Plaintiff's complaint against GMAC alleged negligence based upon the dangerous instrumentality doctrine. The complaint alleged Plaintiff sustained injuries in July 1994 when he was ejected from a motor vehicle which was being operated negligently by a third party. The complaint alleged that GMAC was the owner of the motor vehicle. GMAC filed an answer which denied that it owned the motor vehicle and asserted in its Third Defense that, pursuant to section 324.021, Florida Statutes, it was immune from liability.
Section 324.021(9)(b), Florida Statutes (1993), provides:
(b) Owner/lessor.  Notwithstanding any other provision of the Florida Statutes or existing case law, the lessor, under an agreement to lease a motor vehicle for 1 year or longer which requires the lessee to obtain insurance acceptable to the lessor which contains limits not less than $100, 000/$300,000 bodily injury liability and $50,000 property damage liability, shall not be deemed the owner of said motor vehicle for the purpose of determining financial responsibility for the operation of said motor vehicle or for the acts of the operator in connection therewith; further, this paragraph shall be applicable so long as the insurance required under such lease agreement remains in effect.
The record contains the lease agreement between Suncoast Pool Chemicals and Ronald E. Rady, as co-lessees, and Bob Taylor Chevrolet, Inc., as lessor, which apparently assigned the lease to GMAC.[1] The parties entered into this thirty-six-month lease agreement for a pickup truck in June 1994. The relevant insurance provision in the lease provided:
13. INSURANCE
A. VEHICLE INSURANCE. You must buy Public Liability Insurance and Physical Damage Insurance[.] Lessor requires no other types of insurance.
The Public Liability Insurance must (a) cover up to $50,000 for property damage, $100,000 for bodily injuries to any one person, and $300,000 for bodily injuries for any one accident, or (b) have a combined single limit of $300,000 for bodily injuries and property damage for any one accident. The policy must show GMAC as an additional insured.
The co-lessees obtained an insurance policy with a single limit of $300,000. GMAC obtained a corporate insurance policy, Number ABO 3538500, from Firemens Fund Insurance Company which provided liability *1027 coverage on its leased vehicles in the amounts of $100,000 each person, $300,000 each occurrence, and $50,000 property damage. The policy also contained deductible amounts equal to the liability coverages.
Plaintiff sought the following information in his Second Request to Produce:
1. Please produce any and all documents or other evidence regarding deductible amounts paid by GENERAL MOTORS under Firemens Fund's insurance policy for claims against GENERAL MOTORS, including correspondence requesting that payment be made.
2. Please produce any and all documents or other evidence regarding deductible amounts paid by GENERAL MOTORS under Firemens Fund's insurance policy for claims against lessees or permissive users of GENERAL MOTORS' automobiles, including correspondence requesting that payment be made.
3. Please produce any and all documentation regarding payments made by GENERAL MOTORS for premiums of policy ABO 3538500, or the policy it replaced, for the years 1990, 1991, 1992, 1993, 1994, and 1995.
4. Please produce any and all documentation in GENERALS [sic] MOTORS' possession regarding policy ABO 3538500 which in anyway has to do with why the policy was purchased by GENERAL MOTORS, or negotiations, questions, concerns, or any other detail regarding the terms and conditions of policy ABO 3538500.
5. Please produce any and all documentation regarding the basis from which the premium under policy ABO 3538500 was derived including, but not limited to, any documentation which shows Firemens Fund considered or did not consider potential costs for indemnification when computing the premium.
6. Please produce any and all documents received from Amerisure Insurance Company regarding the accident involving ERIC DAVIS, which occurred on July 26, 1994, including any and all statements obtained by Amerisure Insurance Company, records received or any other documentation received from Amerisure Insurance Company.
7. Please produce any and all correspondence between GENERAL MOTORS, or Firemens Fund, and Amerisure Insurance Company regarding the loss, or Amerisure Insurance Company assuming GENERAL MOTORS.
8. Please produce any and all uninsured motorist rejection forms which have been executed for the policy in question.
9. Please produce all documentation for claims paid by Firemens Fund under the alleged policy which have not been submitted to GENERAL MOTORS for reimbursement.
10. Please produce the entire policy which policy ABO 3538500 replaced.
GMAC produced 8, objected to 1, 2, 4, and 6 on the basis of work-product privilege, objected to 4 on the basis of attorney-client privilege, objected to 5 on the basis of trade-secret privilege, and objected to all except 8 on the basis of relevancy. Following a hearing on an amended motion to compel this information, the trial court entered an order directing GMAC to produce all items which the Plaintiff requested.
For a petitioner to obtain relief from an interlocutory order, the petitioner must establish (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the trial (3) that cannot be corrected on post-judgment appeal. Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646 (Fla. 2d DCA 1995). If an appeal is not likely to be an adequate remedy following a trial court order granting discovery, the appellate court can utilize certiorari to quash the order permitting discovery. Boucher v. Pure Oil Co., 101 So.2d 408 (Fla. 1st DCA 1957).
We conclude that the trial court's order departed from the essential requirements of the law because the items Plaintiff seeks are irrelevant to the issues to be resolved in this case and may involve privileged and protected information. The policy that GMAC may have had to cover the vehicle is irrelevant to the inquiry of whether GMAC *1028 should be considered the owner of the vehicle for the purpose of determining financial responsibility. In order for the lessor to be deemed the nonowner of the leased vehicle, the lease must require the lessee to obtain liability insurance with limits of not less than $100,000, $300,000, and $50,000. The lease in question does not meet this requirement because it allowed the lessee under alternative (b) to obtain insurance for less than the statutory minimum limits. See Bush Leasing, Inc. v. Gallo, 634 So.2d 737 (Fla. 1st DCA), review denied, 645 So.2d 450 (Fla. 1994).
Any contractual negotiations and documents between GMAC and its insurance company regarding their policy and its premiums are not relevant because the lease agreement, as written, does not permit GMAC to be deemed a nonowner of the vehicle to exempt GMAC from liability for the operation of the vehicle or the acts of its operator.
In Kraemer v. General Motors Acceptance Corporation, 613 So.2d 483 (Fla. 2d DCA 1992), review denied, 624 So.2d 266 (Fla. 1993), this court was faced with a vehicle lease giving a lessee the same alternative insurance provisions as found in this case. That lease was written before the effective date of section 324.021(9)(b). This court, relying upon Abdala v. World Omni Leasing, Inc., 583 So.2d 330 (Fla. 1991), concluded that GMAC was immune from liability because it complied with the provisions of the statute on the day of the accident. The Kraemer court specifically limited its holding to the facts of that case, and one of the facts was that GMAC developed the liability insurance limits before the effective date of section 324.021(9)(b). Kraemer, 613 So.2d at 486. The present case is clearly different. The lease in this case was written in 1994, well after the effective date of the statute, and we conclude that GMAC's lease must comply with that statute in order for GMAC to be deemed a nonowner. Because the lease in this case fails to satisfy the statutory requirement, GMAC cannot be deemed a nonowner, regardless of what insurance it may have had to cover the vehicle. Accordingly, the documents which Plaintiff requested are irrelevant.
We quash the trial court's order directing GMAC to produce the items the Plaintiff requested in his Amended Motion to Compel and remand for further proceedings in the trial court.
FRANK, A.C.J., and LAZZARA, J., concur.
NOTES
[1] The lease states that the lessor intends to assign the lease to GMAC. The assignment is not in the record presented to this court, but both parties seem to agree that GMAC is the lessor.