COPE, Judge,
dissenting.
Under the majority opinion’s new math, $300,000 is less than $100,000. I agree with neither the mathematics nor the statutory interpretation.
The Legislature passed a statute which was designed to inform motorists what level of insurance coverage must be purchased in order for the owner/lessor of a motor vehicle to come within the liability exemption created by section 324.021(9)(b), Florida Statutes (1995). The lessee must “obtain insurance ... which contains limits not less than $100, 000/$300,000 bodily injury liability and $50,-000 property damage liability_” Id. (emphasis added).
The lessee in this case purchased a policy having limits of $300,000/$300,000 bodily injury liability rather than the minimum of $100, 000/$300,000. Under the plain words of the statute, the $300,000/$300,000 coverage bought by the lessee is “not less than [the statutory] $100,000/$300,000 [minimum].” Id. That being so, judgment was correctly entered in favor of the appellee lessor.
The majority opinion contains a discourse explaining that in some circumstances, less is more. The majority says that by capping any individual award at $100,000, there will be more money to go around in multi-plain-tiff cases even though each award would be smaller. Of course, if we hypothesize a one-victim accident with catastrophic injuries, then $300,000 is better than $100,000.
Be that as it may, it was a legislative decision what levels of coverage to specify. The fact that judges may disagree with the legislative decision does not give the court the authority to rewrite a statute which by its terms is clear. We are obliged to enforce it in accordance with its plain meaning. See Dade County v. Pena, 664 So.2d 959, 960 (Fla.1995); Crooks v. State Farm Mut. Auto. Ins. Co., 659 So.2d 1266, 1268 (Fla. 3d DCA 1995). The trial court was entirely correct and the judgment should be affirmed.[4]

. The decisions in General Motors Acceptance Corp. v. Davis, 664 So.2d 1025 (Fla. 2d DCA 1995), and Bush Leasing, Inc. v. Gallo, 634 So.2d 737 (Fla. 1st DCA 1994), take the same approach as the majority in this case. For the reasons stated, it is my view that Davis and Bush Leasing are wrongly decided.