KEVIN DANLER, APPELLANT, V. ROSEN AUTO LEASING, INC., A NEBRASKA CORPORATION, APPELLEE.

609 N.W. 2d 27

Filed April 7, 2000.    No. S-98-577.

Patrick J. Ickes, of Baird, Holm, McEachen, Pedersen, Hamann & Strasheim, for appellant.

John T. Rogers for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

This is an appeal from the grant of a demurrer and the dismissal of Ms. Kevin Danler's petition that sought recovery from Rosen Auto Leasing, Inc. (Rosen), for property damage sustained when her automobile was struck by a vehicle leased by Rosen to Theresa Wilburn. The issue presented is whether a company in the business of leasing automobiles can be held liable in negligence when the lessor company is aware that the liability insurance provided by the lessee at the inception of the automobile lease has expired and the lessor fails to take steps to prevent the lessee from operating the vehicle without proof of insurance. For the reasons that follow, we affirm the judgment of the district court.

## FACTUAL BACKGROUND

This case arises out of a petition filed by Danler in the district court, wherein she sought recovery from Rosen for property damage caused to her 1996 Chevrolet Corsica when it was hit by a vehicle driven by Will Hodge. At the time of the accident, Hodge was driving the vehicle with permission from the lessee

of the vehicle, Wilburn. Danler alleges the following facts, restated, in her petition:

Wilburn leased a Ford Explorer sport utility vehicle from Rosen on April 9, 1997. Prior to delivering the vehicle to Wilburn, Rosen required her to show proof of liability insurance on the vehicle. After providing Rosen with proof of insurance and obtaining possession of the Explorer, Wilburn received notice that her insurance coverage was canceled due to her failure to pay premiums. The company with which Wilburn had insurance also notified Rosen of the cancellation because Rosen was designated as the loss payee on the policy. The cancellation became effective on May 27, 1997. Throughout the entire course of events, Rosen held legal title to the Explorer.

After Rosen received notice of the policy cancellation, Rosen took no affirmative steps to ensure that liability insurance was obtained for the vehicle or to prevent Wilburn's operation of the vehicle without proof of insurance. On August 9, 1997, while Danler's vehicle was parked on the street outside her office in Omaha, the Explorer leased by Wilburn and driven by Hodge struck and damaged Danler's vehicle.

As a result of the accident, Danler filed a petition against Rosen alleging, inter alia, that Rosen had an affirmative duty, by virtue of the terms of the lease and as a matter of law, to ensure that its lessee had obtained a policy of liability insurance on the vehicle and that the policy remain in force and effect throughout the term of the lease. Furthermore, Danler alleged that Rosen had breached this duty by not compelling Wilburn to obtain insurance after Rosen became aware of the cancellation of the previous policy and that such breach was the proximate cause of the damages in the instant case.

Rosen demurred to the petition, maintaining that Danler had failed to allege facts sufficient to constitute a cause of action. The district court sustained Rosen's demurrer, providing no specific reasons therefor. Danler did not avail herself of the opportunity given by the trial court to amend her petition and chose to stand on her petition. The trial court dismissed the petition, and Danler timely appealed. Danler thereafter filed a motion to bypass the Nebraska Court of Appeals, which we granted.

## ASSIGNMENTS OF ERROR

Danler claims, consolidated and restated, that the district court erred in (1) finding that no legal duty was owed by Rosen to Danler when Rosen had knowledge that its lessee was operating a motor vehicle without proper insurance or proof of financial responsibility and (2) sustaining Rosen's demurrer and dismissing her petition.

## STANDARD OF REVIEW

In an appellate court's review of a ruling on a demurrer, the court is required to accept as true all the facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the conclusions of the pleader. *Prokop v. Hoch*, 258 Neb. 1009, 607 N.W.2d 535 (2000). In determining whether a cause of action has been stated, the petition is to be construed liberally. If as so construed the petition states a cause of action, a demurrer based on the failure to state a cause of action is to be overruled. *Cobb v. Sure Crop Chem. Co.*, 255 Neb. 625, 587 N.W.2d 355 (1998).

## ANALYSIS

We initially note that the district court did not state its reasons for sustaining the demurrer. Despite Danler's assignment of error that her petition was dismissed based on a finding by the trial court that Danler was owed no duty by Rosen, there is no such determination in the record before us. Thus, in order to determine whether Danler's petition states a cause of action, we will address the necessary elements to state a negligence claim in order to decide if sufficient facts have been alleged to constitute a cause of action. See *Pratt v. Nebraska Bd. of Parole*, 252 Neb. 906, 567 N.W.2d 183 (1997). The question with which we are confronted is a question of first impression, specifically, whether, in the absence of any relationship between a lessor of a vehicle and an injured third party, the lessor has an affirmative duty to ensure that its lessee does not operate a leased vehicle without proper liability insurance coverage when the lessor has been given notice that the lessee's liability policy is no longer in effect.

Danler has not sued the operator of the vehicle which allegedly caused the damage to her car but has sued Rosen, as

the owner and commercial lessor thereof. Danler's petition sounds in negligence, the thrust of which is that when Rosen became aware of the fact that Wilburn had allowed her insurance on the Explorer to lapse and had failed to obtain liability insurance thereon, Rosen had an affirmative duty by virtue of the lease contract and as a matter of law to ensure that Wilburn obtained liability insurance on the Explorer. Put another way, Danler seeks to impose a duty upon Rosen to compel its lessee to obtain insurance when the policy in effect at the inception of the lease lapses.

The threshold inquiry in any negligence action, of course, is whether the defendant owed the plaintiff a duty. *Knoll v. Board of Regents*, 258 Neb. 1, 601 N.W.2d 757 (1999). Duty is a question whether the defendant is under any legal obligation for the benefit of the particular plaintiff; and in negligence cases, the duty is always the same—to conform to the legal standard of reasonable conduct in light of the apparent risk. *Woollen v. State*, 256 Neb. 865, 593 N.W.2d 729 (1999). A duty, in negligence cases, may be defined as an obligation, to which the law will give recognition and effect, to conform to a particular standard of conduct toward another. *Id.* The question whether a legal duty exists for actionable negligence is a question of law dependent on the facts in a particular situation. *Knoll v. Board of Regents, supra.* Actionable negligence cannot exist if there is no legal duty to protect the plaintiff from injury. *Id.*

In reviewing the applicable statutes, we observe that it is unlawful for an owner of an automobile to seek registration of the same when that owner does not have or keep in effect a current and effective automobile liability policy or proof of financial responsibility. See Neb. Rev. Stat. § 60-312 (Cum. Supp. 1996). See, also, Neb. Rev. Stat. § 60-302(2) (Cum. Supp. 1996). At all times pertinent to this case, Rosen was the holder of legal title to the Explorer. Notwithstanding the foregoing statutes imposing a statutory duty upon the owner of the vehicle to obtain liability insurance, it is the statutory definition of "owner" that gives us pause when considering the duty urged by Danler in this case.

The Legislature has defined "owner" as it is to be interpreted in the statutes governing motor vehicle registration. See Neb.

Rev. Stat. § 60-301(19) (Cum. Supp. 1996). The statutory definition sets forth that when an automobile is subject to a lease of 30 days or more with an immediate right of possession vested in the lessee, the lessee "shall be deemed the owner for purposes of Chapter 60, article 3." § 60-301(19)(c). Chapter 60, article 3, is the relevant body of law addressing, among other things, who should bear the burden of obtaining insurance on registered vehicles. While the record does not indicate the length of the lease between Rosen and Wilburn, Danler's petition alleges that the lease was entered into on or near April 9, 1997, and the accident occurred while the Explorer was still in Wilburn's possession, nearly 4 months later, on August 9. Therefore, the facts as alleged by Danler reveal that the lease contract between Wilbur and Rosen was for more than 30 days, bringing the lease within the ambit of § 60-302. As prescribed by the Legislature, Wilburn "shall be deemed the owner" of the Explorer for the purposes of our discussion, and it was incumbent upon her to obtain insurance thereon. There is no statutory duty upon Rosen to obtain or maintain such a policy.

The mere absence of a statute imposing a duty upon Rosen, however, does not preclude the existence of such a duty. We have recognized that a common-law duty exists to use due care so as not to negligently injure another person. *Merrick v. Thomas*, 246 Neb. 658, 522 N.W.2d 402 (1994). This court has employed a risk-utility balancing test in determining whether to impose a duty upon a particular defendant in other circumstances and has imposed a duty in certain circumstances even in the absence of a statutory mandate. See, *Knoll v. Board of Regents*, 258 Neb. 1, 601 N.W.2d 757 (1999); *Popple v. Rose*, 254 Neb. 1, 573 N.W.2d 765 (1998). In *Knoll v. Board of Regents*, we stated that in determining whether a duty was to be imposed, this court employs a risk-utility test, considering (1) the magnitude of the risk, (2) the relationship of the parties, (3) the nature of the attendant risk, (4) the opportunity and ability to exercise care, (5) the foreseeability of the harm, and (6) the policy interest in the proposed solution. Foreseeability alone is not dispositive. Due to the absence of a statutory duty imposed upon Rosen in this case, any duty owed to Danler by Rosen must emanate from the common law.

This court has qualified our acknowledgment of a common-law duty not to negligently injure a third person by stating that "the duty of reasonable care generally does not extend to third parties absent . . . other facts establishing a duty." *Merrick v. Thomas*, 246 Neb. at 661, 522 N.W.2d at 406. " '[W]hen the avoidance of foreseeable harm requires a defendant to control the conduct of another person . . . the common law has traditionally imposed liability only if the defendant bears some special relationship to the dangerous person or to the potential victim.' " *Popple v. Rose*, 254 Neb. at 7, 573 N.W.2d at 770. In order for us to determine that Danler was owed a duty by Rosen in this case, there must be allegations of some special relationship or other facts to establish a duty on the part of Rosen. Accepting all alleged facts as true, as we must, we find no allegation of a special relationship in the record before us. Danler has also failed to allege other facts establishing a duty on behalf of Rosen.

There are no allegations in the case at bar evincing any special relationship between Rosen and Danler or between Rosen and Wilburn. In fact, there are no allegations of any relationship whatsoever between Danler and Rosen; aside from the fact that Rosen owned the vehicle which caused the damage to Danler's car, the only relationship between Wilburn and Rosen was a lease contract for the Explorer.

Any *right* Rosen had under the lease agreement to terminate the lease for the Explorer because of Wilburn's failure to maintain an insurance policy thereon did not rise to the level of a special relationship justifying the imposition of an affirmative *common-law duty* to monitor Wilburn's conduct and to compel her to obtain insurance. A contractual relationship between two parties, one of which is a tort-feasor, does not justify the imposition of an affirmative duty upon the other party to the contract to protect a third-party victim with whom no such relationship exists. See, generally, *Aetna Cas. & Sur. v. Huntington Nat. Bank*, 587 So. 2d 483 (Fla. App. 1991), *aff'd on other grounds* 609 So. 2d 1315 (Fla. 1992) (holding that under Florida law, lessor's relationship was contractual, but that that relationship did not govern rights and liabilities between victim and tort-feasor because duty of those responsible for safe operation of vehicles to per-

sons subject to being injured from their operation is nondelegable and cannot be affected by private agreements). The record is devoid of evidence which might justify the imposition of a common-law duty upon Rosen in this case.

As discussed previously, the Legislature, as a matter of policy, has placed the burden of obtaining liability insurance upon long-term lessees of automobiles. Had the Legislature determined to impose a similar duty upon the lessor, it could have done so. Other state legislatures have addressed the duty of a lessor where the lessee has insufficient liability insurance. For example, a Florida statute provides that a lessor of an automobile is not deemed the owner and is therefore immune from suit by parties injured by the lessee so long as the lessor requires in the lease agreement that the lessee insure the vehicle at certain minimum liability limits. See Fla. Stat. Ann. § 324.021(9)(b)(1) (West Cum. Supp. 2000). The Florida appellate courts have determined that lessors surrender the protection of that statute when they allow lessees to insure at limits less than those mandated by the statute. See, *General Motors Acceptance Corp. v. Davis*, 664 So. 2d 1025 (Fla. App. 1995); *Bush Leasing, Inc. v. Gallo*, 634 So. 2d 737 (Fla. App. 1994). Nebraska has not yet taken such a statutory course, and after weighing the public policy considerations and the nature of the attendant risks herein, we conclude that it is properly the province of the Legislature, and not this court, to make such a policy determination.

Absent a duty on the part of Rosen to monitor or control Wilburn's conduct in this manner, there could be no breach of a duty owed Danler, thereby rendering the district court's decision to sustain the demurrer for failure to state a cause of action correct.

## CONCLUSION

Because we conclude that Rosen owed no duty to Danler and therefore could not be liable in negligence under Nebraska's present statutory scheme, we affirm the district court's order sustaining Rosen's demurrer and the judgment of dismissal.

AFFIRMED.