# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2006-CA-00478-SCT

*LEALUE "ANNETTE" COUSIN AND RICHIE COUSIN*

*v.*

*ENTERPRISE LEASING COMPANY-SOUTH CENTRAL, INC. AND JANA KELLEMS*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/16/2006 |
| TRIAL JUDGE: | HON. HENRY L. LACKEY |
| COURT FROM WHICH APPEALED: | CHICKASAW COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | CHYNEE ALLEN BAILEY |
| | ORLANDO RODRIQUEZ RICHMOND, SR. |
| ATTORNEYS FOR APPELLEES: | LUTHER T. MUNFORD |
| | JAMES GRADY WYLY, III |
| | THEAR JULES LEMOINE |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 11/30/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**CARLSON, JUSTICE, FOR THE COURT:**

¶1.     From the Chickasaw County Circuit Court's grant of summary judgment in favor of Enterprise Rent-A-Car Company and Jana Kellems, Lealue "Annette" Cousin and Richie Cousin appeal to us.  Finding no error in the trial court's grant of summary judgment, we affirm.

## FACTS AND PROCEEDINGS IN THE TRIAL COURT

¶2.     On March 22, 2002, Schiquita Rogers[1] rented a 2002 Pontiac Grand Am from the Tupelo, Mississippi, branch of Enterprise Rent-A-Car Company (Enterprise).[2]     Enterprise employee Jana Kellems rented the car to Rogers.   Rogers produced an unexpired license to Kellems that had been issued by the State of Mississippi.   However, unbeknownst to Kellems, Rogers's license had been suspended.

¶3.     Enterprise has a standard procedure for renting cars.   Kellems's affidavit states the following:

> 5.    The Enterprise rental procedures include a requirement that the employee inspect and check a potential customer's driver's license, and compare and verify the signature of the customer written in the employee's presence with that on the customer's driver's license.
> 6.    Each and every time I rented a vehicle while employed at Enterprise, I followed these procedures and required that the potential customer provide me with a driver's license.   I then would enter the customer's vital statistics, including his/her name and date of birth, as well as his/her physical address, driver's license number, state of issuance and expiration date, into the Enterprise computer.   After printing the rental agreement and having the renter

---

[1]Schiquita Rogers is sometimes referred to in the record as Shaquita Rogers.

[2]The plaintiffs sued Enterprise in the name of "Enterprise-Rent-A-Car Company." In its Answer, which incorporated affirmative defenses and a motion to dismiss, Enterprise referred to itself as "Enterprise Leasing Company – South Central, Inc."   In fact, Enterprise stated in its responsive pleadings that it was "incorrectly identified in the Complaint and Summons as 'Enterprise Rent-A-Car Company.'"   While Enterprise asserted a right to be dismissed due to insufficiency of process and insufficiency of service of process, pursuant to Miss. R. Civ. P. 12(b)(4)(5), based on the misidentification, Enterprise did not actively pursue dismissal on these grounds.   Enterprise is constantly referred to in the record as "Enterprise Rent-A-Car" and indeed, the trial court's order granted summary judgment in favor of "Enterprise Rent-A-Car Company," and the notice of appeal makes the same reference.   Inasmuch as Enterprise makes no issue of this on appeal, neither do we.

sign the agreement, I compared the signature thereon with the signature on the renter's driver's license, and verified that the signatures matched.

Kellems correctly followed Enterprise's procedure when she leased the car to Rogers.[3]

¶4.     On March 23, 2002, Rogers ran a stop sign in Chickasaw County while driving her rented car.   Rogers collided with a vehicle driven by Lealue "Annette" Cousin, who suffered leg injuries requiring surgery that cost $40,000.[4]   The officer who investigated the accident cited Rogers for driving with a suspended license.[5]   Due to her injuries and damages suffered as a result of this accident, Cousin and her husband, Richie Cousin,[6] sued Enterprise and Kellems[7] in the Circuit Court for the Second Judicial District of Chickasaw County, alleging negligence per se[8] for renting a car to a person who was not then duly licensed according to Miss. Code Ann. § 63-1-67 (Rev. 2004).   In due course, Enterprise filed a motion for summary judgment.   In support of its motion for summary judgment, Enterprise attached to the motion,

---

[3]The rental contract that Rogers signed also had a clause where Rogers warranted that she possessed an unsuspended driver's license.

[4]The plaintiffs reached a settlement with Rogers's insurer for the maximum policy limits of $10,000.   Cousin reached a settlement with her insurer for underinsured coverage benefits in the amount of $30,000.

[5]Rogers later pled guilty to driving with a suspended license in Chickasaw County Justice Court.

[6]Richie Cousin asserted a loss of consortium claim. We will sometimes refer to the plaintiffs as "Cousin."

[7]Cousin sued Kellems as an agent of Enterprise.   Thus, we will refer to Enterprise and Kellems collectively as "Enterprise" for the sake of clarity.

[8]Cousin also claimed negligent entrustment, but she did not brief this Court on the issue.   Therefore, we will only discuss negligence per se.

3

inter alia, copies of the complaint; the accident report; the Rogers/Enterprise car-rental agreement; the sworn affidavit of Jana Kellems (Eakes); a State of Mississippi, Department of Public Safety, motor vehicle report on Rogers; and, an itemization of undisputed facts. The plaintiffs responded to Enterprise's motion for summary judgment asserting that summary judgment was inappropriate and attaching to their response, copies of the complaint; the accident report; the rental agreement; Lealue Cousin's deposition; Rogers's motor vehicle report; and a Chickasaw County justice court document entitled "Uniform Traffic Citation." The plaintiffs also responded to Enterprise's itemization of undisputed facts. On February 22, 2006, the Chickasaw County Circuit Court, Judge Henry L. Lackey, presiding, entered an order granting summary judgment in favor of Enterprise. In his order, Judge Lackey stated, inter alia:

> Rogers presented a facially valid, unexpired driver's license to Kellems at the time the vehicle was leased. Kellems properly recorded Rogers' driver's license information on the Rental Agreement, recorded the required information, inspected Rogers' drivers license, compared Rogers' signature on her driver's license to her signature on the Rental Agreement and complied with *Section 63-1-67, MCA*, therefore, defendants, Enterprise and KELLEMS are entitled to judgment as a matter of law.

It is from Judge Lackey's grant of summary judgment and entry of a judgment of dismissal, with prejudice, that the plaintiffs now appeal to us.

## DISCUSSION

¶5.     We employ a de novo standard of review of a trial court's grant or denial of summary judgment and, pursuant to Miss. R. Civ. P. 56(c), we examine all the evidentiary matters before us, such as admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. *Stuckey v. Provident Bank*, 912 So.2d 859, 864 (Miss. 2005); *Davis v. Hoss*, 869 So.2d 397,

4

401 (Miss. 2004) (citing *Hurdle v. Holloway*, 848 So.2d 183, 185 (Miss. 2003)). The evidence is viewed in the light most favorable to the party opposing the motion. If there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, summary judgment should be entered in the movant's favor. The burden of demonstrating that no genuine issue of material fact exists is on the moving party. *Id.* (citing *Moore ex rel. Moore v. Mem'l Hosp. of Gulfport*, 825 So.2d 658, 663 (Miss. 2002)). The party opposing the motion must be diligent and "may not rest upon the mere allegations or denials of the pleadings, but instead the response must set forth specific facts showing that there is a genuine issue for trial." *Harrison v. Chandler-Sampson, Ins., Inc.*, 891 So.2d 224, 228 (Miss. 2005) (citing *Miller v. Meeks*, 762 So.2d 302, 304 (Miss. 2000)).

¶6.     There is only one issue for this Court to decide. This case presents a matter of first impression for this Court.

> **WHETHER ENTERPRISE RENT-A-CAR WAS NEGLIGENT PER SE ACCORDING TO MISS. CODE ANN. § 63-1-67 WHEN RENTING A CAR TO A DRIVER WHOSE LICENSE HAD BEEN SUSPENDED.**

¶7.     Cousin argues that, according to Miss. Code Ann. § 63-1-67 (Rev. 2004), Enterprise was negligent per se by renting a car to a person who was not "then duly licensed."[9]     Cousin

---

[9] The plaintiffs also asserted a negligent entrustment claim, but have failed to offer any argument or citation to authority in support of this claim; therefore, we need not consider this issue on appeal. *In re Adoption of a Minor Child*, 931 So.2d 566, 578 (Miss. 2006).

5

argues that but for Enterprise's unlawful action, Cousin would not have been injured. Miss. Code Ann. § 63-1-67[10] states:

(1) *No person shall rent a motor vehicle to any other person unless the latter person is **then duly licensed*** under the provisions of this article, or, in the case of a nonresident, then duly licensed under the laws of the state or country of his residence except a nonresident whose home state or country does not require that an operator be licensed.
(2) No person shall rent a motor vehicle to another until he has inspected the license of the person to whom the vehicle is to be rented and compared and verified the signature thereon with the signature of such person written in his presence.
(3) Every person renting a motor vehicle to another shall keep a record of the registration number of the motor vehicle so rented, the name and address of the person to whom the vehicle is rented, the number of the license of said latter person and the date and place when and where said license was issued. Such record shall be open to inspection by any police officer or officers or other employee of the commissioner.

*Id.* (emphasis added). However, Enterprise argues that since it complied with the statute by checking Rogers's facially valid license according to the procedures set forth in subsections (2) and (3), Enterprise was not guilty of negligence per se.

¶8. The parties in essence argue over the meaning of the phrase "then duly licensed." Cousin urges this Court to interpret the statute literally and require that rental car companies request the status of each potential renter's driver's license from the Mississippi Department of Public Safety before renting the car. Cousin states that rental car companies could receive this information "within a couple of days" after the request.

---

[10]Miss. Code Ann. § 63-1-69 sets forth the penalty for violating section 63-1-67, which is "a fine of not less than five dollars ($5.00) and costs and not more than two hundred fifty dollars ($250.00) and costs, or by imprisonment in the county jail for a period of from one to six months, or by both the fine and imprisonment at the discretion of the court."

6

¶9. On the other hand, Enterprise urges this Court to interpret the statute as a whole. It argues that "then duly licensed" means that the potential renter must produce a facially valid, unexpired driver's license. Further, Enterprise argues that the statute sets forth the procedure for checking a facially valid driver's license. First, the company must check the signatures of the renter.

> (2) No person shall rent a motor vehicle to another until he has inspected the license of the person to whom the vehicle is to be rented and compared and verified the signature thereon with the signature of such person written in his presence.

Miss. Code Ann. § 63-1-67(2). Then, the company must record the data from the license.

> (3) Every person renting a motor vehicle to another shall keep a record of the registration number of the motor vehicle so rented, the name and address of the person to whom the vehicle is rented, the number of the license of said latter person and the date and place when and where said license was issued. Such record shall be open to inspection by any police officer or officers or other employee of the commissioner.

Miss. Code Ann. § 63-1-67(3). In other words, in order to fulfill their obligations and responsibilities under section 63-1-67(1), rental car companies must comply with the provisions of subsections (2) & (3). Enterprise argues that, because the Legislature set out in such detail the process for checking a potential car renter's driver's license, the Legislature would have included a requirement of a rental car company's checking with the Department of Public Safety if it had intended for rental companies to do so as a prerequisite for renting a car. The Legislature has had numerous opportunities to amend the statute if it wished to do so, and yet the statute has remained virtually unchanged since 1938.

7

¶10.    Since this is an issue of first impression for this Court, we find it helpful to look to the decisions of other states. In *U-Haul Co. v. Rutherford*, 10 Md. App. 373, 270 A.2d 490 (Md. Ct. Spec. App. 1970), the Maryland Court of Special Appeals held that Maryland's statute concerning rental cars, Md. Code Ann. Art. 66 ½ § 114, which contained three sections similar to Mississippi's statute, should be interpreted as a whole. Further, that court held that U-Haul did not violate section (a) of the statute, which stated that one could only rent a vehicle to a person who was then duly licensed, if one complied with the procedure for checking that license in subsection (b). However, the statute was repealed on July 1, 1977.

¶11.    We also look to *Cowan v. Jack*, 922 So.2d 559 (La. Ct. App. 4 Cir. 2005) and *Dortch v. Jack*, 2005 U.S. Dist. LEXIS 41115 (S.D. Miss. 2005). In these cases, the Court of Appeal of Louisiana, Fourth Circuit, and the United States District Court for the Southern District Court of Mississippi, interpreted North Carolina's statute as placing no duty on the part of rental car companies to conduct a background check of driver's licenses. N.C. Gen. Stat. § 20-34 states:

> No person shall authorize or *knowingly* permit a motor vehicle owned by him or under his control to be driven by any person who has no legal right to do so or in violation of any of the provisions of this Article.

*Id.* (emphasis added).

¶12.    We turn to Massachusetts. In *Nunez v. A & M Rentals*, 822 N.E.2d 743 (Mass. App. Ct. 2005). In *Nunez*, John Patten presented A & M with a facially valid driver's license that in fact had been suspended. Patten rented a 1999 Chevrolet Corvette. While driving 100 miles

8

per hour, Patten collided with Jose Valentin's 1998 Ford Escort, killing Valentin and seriously injuring his companion. Valentin's estate sued on a theory of negligent entrustment based on Mass. Gen. Laws ch. 90, § 32C,[11] which states in relevant part:

> No lessor shall lease any motor vehicle until the lessee shows that he or his authorized operator is the holder of a *duly issued license* to operate the type of motor vehicle or trailer which is being leased.

*Id*. (emphasis added). The *Nunez* court held that A & M had no duty to verify the status of Patten's driver's license because Patten presented a duly issued license. Further, the court held that since the Massachusetts legislature was silent on the issue, it would not impose a further duty on A & M.

¶13.    Cousin argues that "duly issued license" is not the same as "then duly licensed," and further argues that the language of Mississippi's statute, unlike Massachusetts's statute, places a much higher burden on rental car companies to only rent cars to drivers with currently valid driver's licenses. Cousin also argues that, unlike North Carolina's statute, a knowledge requirement is absent from Mississippi's statute; therefore, Enterprise should be held liable.

¶14.    We find Cousin's argument to be wholly unpersuasive and thus hold that Enterprise was not negligent per se because the statute only places a burden on rental car companies to accept facially valid, unexpired driver's licenses. We are satisfied that the intent of the statute was that rental car companies were to comply with section 63-1-67(1) by fulfilling their responsibilities as mandated under subsections (2) and (3). The Mississippi Legislature set

---

[11]Mass. Gen. Laws ch. 90, § 12 sets forth the penalty for *knowingly* violating Mass. Gen. Laws ch. 90, § 32C.

forth its required procedure in the statute, and Enterprise complied with that procedure. We thus find this issue to be without merit.

CONCLUSION

¶15. Because Enterprise complied with the procedures set forth by statute, the trial judge did not err in granting summary judgment in favor of Enterprise. We thus affirm the final judgment of the Circuit Court for the Second Judicial District of Chickasaw County.

¶16. **AFFIRMED**.

**SMITH, C.J., WALLER AND COBB, P.JJ., AND EASLEY, J., CONCUR. DICKINSON, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY DIAZ, GRAVES AND RANDOLPH, JJ.**

**DICKINSON, JUSTICE, DISSENTING:**

¶17. Mississippi law clearly and unambiguously prohibits the rental of a motor vehicle to any person who is not "then duly licensed." This case requires the Court to decide whether a vehicle rental company may escape the consequences of renting an automobile to a person with an invalid driver's license by demonstrating that the invalid license was "facially valid." Because the statute neither contains nor implies any such exception, I respectfully dissent.

¶18. Prior to casting my dissenting vote, I carefully searched the Mississippi Code for any provision of law suggesting that a "facially valid" license could qualify a person as being "then duly licensed." I found no such exception. The majority, on the other hand, holds that Enterprise did not violate Miss. Code Ann. Section 63-1-67 since the statute "only places a burden on rental car companies to accept facially valid, unexpired driver's licenses." The majority reaches this conclusion despite the following clear, precise language employed by

10

the Legislature: "No person shall rent a motor vehicle to any other person unless the latter person is *then duly licensed* under the provisions of this article . . . ." Miss. Code Ann. § 63-1-67(1) (Rev. 2004) (emphasis added). Thus, the majority *ipso facto* considers a person who possesses an invalid driver's licence that appears valid to be "then duly licensed."

¶19.    It seems to me this Court should simply look at the words of the statute and apply the meaning of those words in deciding this case. The statute's key three-word phrase, "then duly licensed," is not overly complicated.

*"Then"*

¶20.    The only time period or event referred to by, or associated with, the statute is the time a person rents a motor vehicle to another person. Thus, the word "then," as used in the statute, refers to – and can only modify – the time of the rental. In other words, the requirement of the statute must be met at the time of the rental.

*"Duly"*

¶21.    The word "duly" is in every dictionary and thesaurus I was able to locate. The definitions include *inter alia* "in a proper manner," The American Heritage Dictionary of the English Language (4th ed. 2004); "in a due manner or time," Merriam-Webster's Dictionary of Law (2006); and "in accordance with legal requirements," Black's Law Dictionary 407 (7th ed. 2000). Synonyms of "duly" include "appropriately," "fitly," "properly," and "suitably." Roget's New Millennium Thesaurus (1st ed. 2006). I found no reference in any dictionary or thesaurus that remotely relates the word "duly" with anything appearing to be what it is not. Given these definitions and synonyms, I fail to follow the majority's logic in finding that a

11

person who does not hold a valid driver's license is nonetheless "duly licensed" simply because that person presented an invalid license that was "facially valid."

¶22.　The distinction is important in this case because by renting a motor vehicle to a person who was not "then duly licensed," Enterprise violated the statute and thus might be found liable for Cousin's damages under the doctrine of negligence per se. "Mississippi recognizes the doctrine of negligence per se, which in essence provides that breach of a statute or ordinance renders the offender liable in tort without proof of a lack of due care." *Palmer v. Anderson Infirmary Benevolent Ass'n*, 656 So. 2d 790, 796 (Miss. 1995). "To prevail in an action for negligence per se, a party must prove that he [or she] was a member of the class sought to be protected under the statute, that his [or her] injuries were of a type sought to be avoided, and that violation of the statute proximately caused his [or her] injuries." *Snapp v. Harrison*, 699 So. 2d 567, 571 (Miss. 1997) (citing *Thomas v. McDonald*, 667 So. 2d 594, 597 (Miss. 1995)). "When a statute is violated, the injured party is entitled to an instruction that the party violating is guilty of negligence, and if that negligence proximately caused or contributed to the injury, then the injured party is entitled to recover." *Gallagher Bassett Servs. v. Jeffcoat*, 887 So. 2d 777, 787 (Miss. 2004).

¶23.　In my view, Cousin should be allowed to proceed with her action. She is certainly within the class of persons sought to be protected by Section 63-1-67 (persons who share the road with people who rent cars and might suffer injury due to the careless driving of an unlicenced person). Also, Cousin suffered injuries of the type sought to be avoided by the

section's requirement that only duly licensed drivers be allowed to rent cars (injuries sustained in a car crash with a renter who had a suspended license.) Whether she can prove that Enterprise's negligence proximately caused or contributed to her injuries is for a jury to decide.

¶24. With all due respect to the majority, its decision today injects an exception into Section 63-1-67(1), and thus represents an amendment to, rather than an interpretation of, the statute. I acknowledge the difficulty visited upon rental car companies by the language of the statute and the consequences of its application. However, the decision of whether to alleviate that difficulty rests with the Legislature, not us. We must respect the wording selected by the Legislature, even though we might believe the statute to be impractical, unworkable, or unwise. Our privilege and duty to amend or invalidate statutes ends at the line which separates constitutional statutes from those which are not. There being no suggestion in this case that Enterprise has a constitutional right to rent a motor vehicle to a person with a license which is invalid, but appears to be valid, I must respectfully dissent.

¶25. For these reasons, I would reverse and remand.

**DIAZ, GRAVES AND RANDOLPH, JJ., JOIN THIS OPINION.**

13