## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-IA-02275-SCT

*ENTERPRISE LEASING COMPANY-SOUTH
CENTRAL, INC.*

*v.*

*WILLIAM H. BARDIN*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/30/2007 |
| TRIAL JUDGE: | HON. WINSTON L. KIDD |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | FRED L. BANKS |
| | LUTHER T. MUNFORD |
| | JAMES GRADY WYLY, III |
| | THEAR JULES LEMOINE |
| ATTORNEY FOR APPELLEE: | C. EILAND HARRIS |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 05/07/2009 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, C.J., RANDOLPH AND CHANDLER, JJ.**

**RANDOLPH, JUSTICE, FOR THE COURT:**

¶1.     This case is a matter of first impression.  The issue is whether a rental-car company has a duty to refuse to rent a car to a driver who fails to produce proof that he or she is insured under his or her own automobile liability insurance.  Plaintiff argues that such a duty exists, the breach of which makes the rental company liable for the full amount of damages sustained by a person injured by such a driver, notwithstanding the rental company's compliance with financial responsibility statutes and the company's status as a self-insurer.

This Court is asked to reverse a denial of summary judgment and enter judgment for the defendant. Because we find that no genuine issue of material fact exists, we reverse the judgment of the Circuit Court of the First Judicial District of Hinds County and remand with instructions to enter a judgment consistent with this opinion.

**FACTS**

¶2. In 2001, Osie Singleton rented a car from defendant, Enterprise Leasing Company-South Central, Inc. At that time, Singleton was forty-five years old and held a valid Mississippi driver's license. Enterprise personnel inspected the license and recorded the license number and expiration date on the rental agreement. Plaintiff does not allege that Singleton's license was invalid or that he showed any signs of intoxication or was otherwise obviously unfit to drive. Plaintiff also does not allege that Enterprise knew that Singleton was likely to use the vehicle in a manner involving unreasonable risk. Singleton did not have his own liability insurance, nor did Enterprise require him to purchase supplemental liability protection before renting the car. Enterprise acknowledges that the rental agreement required it to satisfy the minimum insurance coverage requirements established by state financial-responsibility laws if Singleton caused injury and was unable to satisfy the minimums himself.[1]

¶3. The same day he rented the car, Singleton was driving on Interstate 20 and ran off the road, striking the plaintiff, William H. Bardin. Bardin had parked nearby and was standing

_____

[1]See paragraph nine. Enterprise's compliance with our state's motor vehicle responsibility laws is not at issue here.

2

near the shoulder of the road assisting another driver. Bardin claims that his injuries are severe and permanent.

## PROCEDURAL HISTORY

¶4.     Bardin filed suit in the Circuit Court of the First Judicial District of Hinds County against Singleton and Enterprise. He alleged negligence on the part of Singleton, and negligence per se and negligent entrustment on the part of Enterprise. Enterprise moved for summary judgment. The trial court denied summary judgment on the ground that genuine issues of material fact exist, but did not identify any such issues. Enterprise's motion to reconsider also was denied. Enterprise petitioned for and was granted an interlocutory appeal.

## ISSUE

¶5.     This court will consider:[2]

> Whether Enterprise had a duty to refuse to rent a car to Singleton because he had no proof of his own automobile liability insurance.

## STANDARD OF REVIEW

¶6      This is an interlocutory appeal stemming from a denial of Enterprise's motion for summary judgment. M.R.A.P. 5. The standard is as follows:

> The circuit court's grant of a motion for summary judgment is reviewed by this Court de novo. *Wilner v. White*, 929 So. 2d 315, 318 (Miss. 2006) . . . . In this Court's de novo review, "[t]he evidence must be viewed in the light most

---

[2]Bardin also raised the following as an issue: If a duty existed, whether the failure to exercise that duty could be the proximate cause of Bardin's injuries, and if so, whether such causation constitutes negligence per se. Based on the resolution of Issue I, this issue is moot.

favorable to the party against whom the motion has been made." *Daniels V. GNB, Inc.*, 629 So. 2d 595, 599 (Miss. 1993) (citation omitted).

*Kilhullen v. Kan. City S. Ry.*, 2009 Miss. LEXIS 87, *15-16 (Miss. 2009).

## ANALYSIS

**Whether Enterprise had a duty to refuse to rent a car to Singleton because he had no proof of his own automobile liability insurance.**

¶7.     To prevail in any type of negligence action, a plaintiff must first prove the existence of a duty. *Laurel Yamaha, Inc. v. Freeman*, 956 So. 2d 897, 904 (Miss. 2007). This Court stated that **"*The plaintiff must show (1) the existence of a duty 'to conform to a specific standard for the protection of others against the unreasonable risk of injury . . . .'"* Id.** (quoting *Burnham v. Tabb*, 508 So. 2d 1072, 1074 (Miss. 1987) (emphasis in original)). This Court also has said that "'whether a duty exists in a negligence case is a question of law to be determined by the court.'" *Brown v. J.J. Ferguson Sand and Gravel Co.*, 858 So. 2d 129, 131 (Miss. 2003) (quoting *Belmont Homes, Inc. v. Stewart*, 792 So. 2d 229, 232 (Miss. 2001)).

¶8.     Bardin claims that Enterprise had a duty to refuse to rent a car to Singleton. He argues that Mississippi requires all drivers to have their own automobile liability insurance. This misstates the law. Mississippi Code Section 63-15-4 does require every vehicle operated in the state to carry a card proving coverage by liability insurance, but that same section has four exemptions, including one for vehicles that are self-insured. Miss. Code Ann. § 63-15-4 (Rev. 2004). Further, driver's licenses are issued without regard to insurance, although licenses may be suspended following a motor-vehicle accident unless security is provided. Miss. Code Ann. § 63-15-11 (Rev. 2004). The requirement to provide

4

security is exempted, *inter alia*, if at the time of the accident, the *owner* had an insurance policy on the *vehicle*; or if the owner was a self-insurer. *Id.* Thus, *drivers* who have not procured their own insurance are permitted to drive, so long as the *vehicles* they are driving are insured.

¶9.     Bardin alleges another statutory violation, i.e., the requirement that drivers keep an insurance card in vehicles to show proof of insurance. Miss. Code Ann. § 63-15-4(4) (Rev. 2004). However, as stated above, that requirement does not apply to vehicles that are self-insured. Miss. Code Ann. 63-15-4(1)(c) (Rev. 2004). Enterprise is such a self-insurer. Miss. Code Ann. § 63-15-53 (Rev. 2004). The Mississippi Department of Public Safety ("MDPS") has issued Enterprise a certificate of self-insurance. MDPS issues these certificates when it is satisfied that the applicant is, and will continue to be, able to pay judgments. *Id.* Bardin stresses that Enterprise is required to maintain the ability to pay judgments and to actually pay them if ordered, or risk cancellation of its self-insurance status. However, this ignores the fact that the definition of the ability to satisfy judgments is limited in amount.[3] These are the same limits listed in the statutory minimums for liability policies and in the definition of "proof of financial responsibility." Miss. Code Ann. §§ 63-15-3(j), 63-15-43 (Rev. 2004). Proof of financial responsibility may be given *inter alia* by filing a certificate of insurance or self-insurance. Miss. Code Ann. § 63-15-37 (1), (4) (Rev. 2004).

---

[3]The requirement is: $25,000 for bodily injury or death of one person as the result of one accident; $50,000 for bodily injury or death of two or more persons as the result of one accident; $25,000 for injury or destruction to property. Miss. Code Ann. § 63-15-31 (Rev. 2004).

To become a self-insurer, a fleet vehicle owner has to agree to be bound to pay judgments in the same amounts an insurer would have to pay, as follows:

> he will pay the *same judgments and in the same amounts that an insurer would have been obligated to pay* under an owner's motor vehicle liability policy if it had issued such a policy to said self-insurer.

Miss. Code Ann. § 63-15-37(4) (Rev. 2004) (emphasis added). A clause recognizing the applicability of state motor-vehicle responsibility laws is printed on the reverse side of the rental agreement signed by Singleton. Enterprise's agreement to be bound by these statutes is not in dispute; thus Enterprise is bound by them, but is also subject to the minimums applicable at the time of the injury.

¶10. Rental car companies do have a duty to refuse to rent to drivers who are not "then duly licensed." Miss. Code Ann. § 63-1-67(1) (Rev. 2004). It is undisputed that Singleton held a valid Mississippi driver's license. Enterprise also was required to inspect Singleton's license and record the information from it. Miss. Code Ann. § 63-1-67(2), (3) (Rev. 2004). Singleton's valid license was inspected, and the required information was recorded on the rental contract. Additionally, Enterprise has a duty not to rent to drivers who appear to be intoxicated or who are known to be likely to become intoxicated while driving. ***Dixie Drive It Yourself System Jackson Co. v. Matthews,*** 54 So. 2d 263, 266-67 (1951). In ***Dixie Drive It Yourself***, this Court affirmed a jury verdict for a plaintiff injured by the drunk driver of a rented vehicle. Evidence had been presented at trial that the rental-car agent knew the driver was "bad to drink." ***Id.*** at 267. Here, Enterprise is not alleged to have known of or to have had a duty to suspect any recklessness about Singleton. The only thing Bardin said Enterprise did wrong was its failure to require Singleton to have his own liability insurance.

6

¶11. Bardin asks this Court to find a common-law duty even though the Legislature already has set the parameters of a rental company's duty. In **_Cousin v. Enterprise Leasing Co.-South Central, Inc._**, 948 So. 2d 1287 (Miss. 2007), this Court declined an invitation to require rental-car companies to verify the actual validity of driver's licenses. **_Id._** at 1292. We held that, if the Legislature wants to add additional requirements, it can do so. **_Id._** at 1291.

¶12. **_Laurel Yamaha, Inc. v. Freeman_**, 956 So. 2d 897 (Miss. 2007), involved the sale of a motorcycle to an eighteen-year-old who died in a highway collision three days after the sale. His parents brought a negligent-entrustment action against the seller. They alleged negligence because the sale was made to one whose valid driver's license did not then have an endorsement authorizing use of a motorcycle on highways. **_Id._** at 900-01. This Court reversed the denial of summary judgment for the seller, stating that "'[w]hatever the Legislature says in the text of the statute is considered the best evidence of the legislative intent . . . . [i]t is the task of the Legislature and not this Court to make the laws of this state.'" **_Id._** at 905 (quoting **_Miss. Dep't of Transp. v. Allred_**, 928 So. 2d 152, 155-56 (Miss. 2006)).

¶13. The courts of other states likewise have deferred to their legislatures in similar cases. In **_Osborn v. Hertz Corp._**, 205 Cal. App. 3d 703 (Cal. Ct. App. 3rd Dist. 1988), that court affirmed summary judgment for a rental company. **_Id._** at 708. A rental-car driver had a valid license and was sober at the time of rental, but became intoxicated later, causing a collision which injured his passenger. **_Id._** at 706. The court declined to create a duty requiring a rental company to investigate the driving record of a renter. **_Id._** The court stated that the

7

matter was "properly resolved on the other side of [the] Street, in the halls of the Legislature." *Id.* at 711. In **Danler v. Rosen Auto Leasing, Inc.**, 609 N.W.2d 27 (Neb. 2000), an auto-leasing company's demurrer was sustained despite the fact that the leasing agent knew that the long-term lessee's insurance policy had lapsed. *Id.* at 33. A Nebraska statute required a long-term lessee to be responsible for insurance in the same way that a vehicle owner would be, but did not impose any duty on the lessor. *Id.* at 32. After citing the statutes of other states that did impose such a duty on lessors, the court "conclude[d] that it is properly the province of the Legislature, and not this court, to make such a policy determination." *Id.* at 33.

¶14.    Courts of other states that have dealt on point with this issue uniformly have held that no such duty exists. In **Osborn**, 205 Cal. App.3d at 703, among the requirements the plaintiff would have imposed was a duty to inquire into the insurance history of a driver before renting a car. The court stated that it had "been cited no case from any jurisdiction supporting plaintiff's theory of liability nor are we aware of any." *Id.* at 710. In **Collette v. Ledet,** 640 So. 2d 757 (La. Ct. App. 3rd Cir. 1994), the court reversed a trial-court judgment against a rental-car company. *Id.* at 760. Evidence at trial was that the rental company had rented a vehicle to a driver whose driver's license was valid, but who had no insurance of his own. *Id.* The rental company had verified the license, but did not ask the driver whether he had insurance. *Id.* The court stated, "Plaintiff can cite no authority giving rise to a duty on the part of [a rental-car company] to inquire into the status of [a driver's] insurance and we can find none." *Id.* at 760. *See also* **Cenance v. Tassin**, 869 So. 2d 913, 917 (La. Ct. App. 4th Cir. 2004) (rental-car company had no duty to determine if a driver had insurance

8

coverage). This Court has been furnished no authority requiring a rental-car company to determine whether drivers have their own automobile liability insurance, nor can we find any such authority.

¶15. The plaintiff has failed in the first obligation in all negligence cases – to prove the existence of a duty. Whether or not a duty exists is question of law for the court to decide. ***Belmont Homes***, 792 So. 2d at 232. Enterprise met the duties the Legislature demands, and this Court declines to create a new duty. The allegation of a duty cannot suffice as a genuine issue of material fact in order to survive a summary judgment motion. No genuine issues of material fact exist, as no facts are in dispute.[4]

## CONCLUSION

¶16. Accordingly, we hold that the trial court erred in denying Enterprise's motion for summary judgment. Therefore, we reverse the order denying summary judgment entered by the Circuit Court for the First Judicial District of Hinds County, and remand to enter a judgment consistent with this opinion.

¶17. **REVERSED AND REMANDED.**

**WALLER, C.J., CARLSON, P.J., DICKINSON, LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR. GRAVES, P.J., CONCURS IN RESULT ONLY.**

---

[4]Singleton was a forty-five-year-old man with a valid license. Enterprise bound itself to satisfy Mississippi's minimum financial responsibility laws. Singleton's negligence caused Bardin's injuries. Bardin made no claim that Singleton was intoxicated or obviously unfit to drive. Bardin made no claim that Enterprise failed to inspect and keep a record of Singleton's license.